Anita LEE, Thelma Aufdenkamp and Betty Wiersig, Administratrix with Will annexed of the Estate of Nettie Brenizer Want, deceased, Plaintiffs in Error,

v.

M. M. WANT, as Trustee and Individually, Wayne Wilburn Want, Sr., Velma Want Stohler, Wilburn H. Anderson, Alice Ione Anderson Tracy, Ruth W. Stewart, Fulton Want, Mary Lois W. Lewis, Paul Richard Want and Shell Oil Co., a corporation, Defendants in Error.

No. 39644.

Supreme Court of Oklahoma.

Feb. 20, 1962.

Wright & Lowrey, Woodward, for plaintiffs in error.

D. P. Parker, Alva, for defendant in error, M. M. Want as Trustee and Individually.

PER CURIAM.

This appeal involves the construction of a trust created in 1916 by Nancy M. Want who then had five living children: M. M. Want, W. W. Want, Mrs. Nannie M. Herron, C. A. Want and A. F. Want.

On April 11, 1916, Nancy M. Want owned a tract of land in Harper County, Oklahoma, and on that date conveyed the same to M. M. Want, trustee, for the following expressed trusts: That trustee shall, at the death of grantor (Nancy M. Want) offer said premises for sale for $2400.00 to C. A. Want and that C. A. Want be allowed six months to execute a contract of purchase. The trust then provided for payment of the $2400.00 in equal sums to W. W. Want, A. F. Want, Mrs. Nannie M. Herron and M. M. Want.

Section III of the trust instrument then provided:

"In the event, however, the said C. A. Want shall neglect or refuse to purchase said land at the price named within the time above limited, and enter into a contract for the purchase of the same within six (6) months from the date of the death of the grantor herein, then the said M. M. Want, trustee, or his successor in trust herein, shall sell said lands either at private or public sale as in his or her judgment may be deemed best, and at such price as may be by him or her deemed a fair and reasonable price for said premises, and divide the proceeds of said sale equally, share and share alike between said C. A. Want, W. W. Want, A. F. Want, Mrs. Nannie M. Herron and M. M. Want.

"In the event, however, that any of said five last named persons should die prior to the division of the funds, or payment of the moneys hereinabove provided to be made and paid to them, then said moneys shall be payable to their issue, if any, surviving at their death.

"If any of said last named persons should die without issue, prior to receiving payment, then the sum which they should have received hereunder, shall be divided equally between the survivors of the above named five persons, or their issue, if any be dead, per stirpes and not per capita."

On July 28, 1924, Nancy M. Want and M. M. Want, trustee, executed and delivered to C. A. Want a deed conveying the property described in the trust instrument, except however, the deed reserved 4/5ths of the oil rights to the parties named in the M. M. Want Trusteeship. The sufficiency or validity of this deed is not questioned.

The Shell Oil Company, one of the defendants in error, acquired an oil and gas lease on the property covered by the trust instrument. There are no issues of fact or law as to the validity of this lease.

A. F. Want died prior to distribution and specifically involved in this appeal is the interest that A. F. Want would be entitled to had he been surviving when distribution of the trust was made. It is uncontroverted that had A. F. Want or his issue, Harold Orville Want, survived until distribution of the trust funds, that A. F. Want or Harold Orville Want would be entitled to an undivided one-fifth interest in and to the minerals under the property described in the trust instrument and the bonus money attributable to this interest. However, A. F. Want died intestate in 1941 and left surviving him a son, Harold Orville Want, and a surviving spouse, Nettie Brenizer Want. Harold Orville Want died intestate in 1945 without issue or spouse. Nettie Brenizer Want died testate on January 8, 1956. Under the terms of the last will and testament of Nettie Brenizer Want, her interest in the minerals was devised to Anita Lee and Lee Farman Van De Riet, who subsequently

conveyed her interest to Thelma Aufden-kamp. Plaintiffs in Error, Anita Lee and Thelma Aufdenkamp, contend that as a result of such succession of interest, they are now the owners of the A. F. Want interest, subject to the administration of the estate of Nettie Brenizer Want, deceased.

The judgment of the trial court held, in effect, that since A. F. Want was deceased and had no issue surviving when distribution of the trust was made, that such interest should be distributed to the surviving parties named in the M. M. Want trusteeship or their surviving blood issue.

Plaintiffs in error contend that the 1924 deed from Nancy M. Want and M. M. Want, trustee, to C. A. Want revoked the former trust and the ⅛th interest vested immediately in A. F. Want; or that if the 1924 deed did not revoke the trust, the trustee, having failed to sell for many years, the power to sell terminated and the interest of the beneficiaries vested free and clear of the trust long prior to the death of A. F. Want.

However, we find it unnecessary to consider the above contentions as the third contention of plaintiff in error is dispositive of the issues involved. This contention, in effect, is:

"Even if the trust was still in existence at the death of A. F. Want or his surviving issue, A. F. Want's interest vested indefeasibly in Harold Orville Want on the death of A. F. Want as the trust did not impose the condition that Harold Orville Want be living when distribution was made, and as heirs or assignees of the estate of Harold Orville Want, plaintiffs in error are entitled to this interest."

It is to be noted that the second provision of Section III of the trust instrument heretofore set forth, specifically relates to distribution of the trust funds *if any of the last named persons* (C. A. Want, W. W. Want, A. F. Want, Mrs. Nannie M. Herron and M. M. Want) *died with issue surviving at their death prior to distribution.* It is to be further noted that the other provision specifically relates to distribution of the trust funds *if any of the last named persons should die without issue, prior to receiving payment.*

It is uncontroverted that C. A. Want did not purchase the property within six months from the date of death of Nancy M. Want, the creator of the trust; that A. F. Want died intestate in 1941, prior to distribution of the funds, with issue surviving at his death. Therefore, the provision which provides for distribution *if any of the last named persons died with issue surviving at their death* prior to distribution is controlling in the instant action.

As heretofore set forth, that provision provides:

"In the event, however, that any of said five last named persons should die prior to the division of funds, or payment of the moneys hereinabove provided to be made and paid to them this said moneys shall be payable to their issue, if any, surviving at their death."

A. F. Want was one of the *said five last named* persons and the five persons named were primary beneficiaries of the trust instrument. Each primary beneficiary's interest was contingent on his or her being alive when distribution was made.

It is the contention of the defendants in error, that since A. F. Want's surviving issue, Harold Orville Want, died prior to distribution, such interest should be distributed to the living primary beneficiaries, and to the living issue of the deceased primary beneficiaries. This contention presupposes that when one of the primary beneficiaries dies with surviving issue, such issue must also be surviving when distribution is made. In other words, it is defendants in error's contention that a surviving issue's interest is subject to the same contingency as a primary beneficiary's interest, that is, being alive when distribution is made.

The terms of the trust instrument do not impose, either expressly or impliedly, this contingency on the interest of a primary beneficiary's surviving issue. The trust

instrument does not provide that if any of the last named persons shall die prior to distribution, then said moneys shall be payable to their issue, if any *surviving when distribution is made;* but specifically provides said moneys shall be payable to their issue, if any, *surviving at their death.* *"Surviving at their death"* could relate to no time other than the time of death of a primary beneficiary.

Therefore, upon the death of a primary beneficiary who left surviving issue, the interest of a deceased primary beneficiary vested indefeasibly in his or her surviving issue. As applied to the instant action, on the death of A. F. Want, a primary beneficiary, A. F. Want's interest vested indefeasibly in his surviving issue, Harold Orville Want. Plaintiffs in error, who deraign their interest through Harold Orville Want are entitled to this mineral interest and the bonus money attributable to it.

Judgment reversed with directions to enter judgment for plaintiffs in error.

WILLIAMS, C. J., and DAVISON, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.